SMITH v. MOULD    (No. 323–184.)

(Supreme Court, Appellate Division, Fourth Department. July 7, 1915.)

1. MORTGAGES ⬤⟿495—FORECLOSURE—MODIFICATION OF DECREE—CONFORMITY TO OPINION.

     In an action to foreclose mortgages, in which the opinion properly directed a tender to be paid to the plaintiff, to be applied upon the amount due upon a second mortgage, but where the decision inadvertently directed its application upon the first mortgage, and the judgment followed the decision, the judgment should be modified accordingly.

     · [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1446–1456; Dec. Dig. ⬤⟿495.]

2. MORTGAGES ⬤⟿495—JUDGMENT OF FORECLOSURE—MODIFICATION.

     A judgment for the foreclosure of three mortgages, only the second and third of which were executed by defendant, making the defendant liable for any deficiency between the amount due on all of the mortgages and the proceeds of the sale, should be modified, so that in no case should

·⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defendant be liable for more than the amount unpaid upon the two junior mortgages.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1446–1456; Dec. Dig. ☞495.]

Appeal from Trial Term, Cattaraugus County.

Action by John S. Smith against Augusta Hovey Mould to foreclose three mortgages. From a judgment of foreclosure (87 Misc. Rep. 199, 149 N. Y. Supp. 552), defendant appeals. Modified and affirmed.

See, also, 153 N. Y. Supp. 1145.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

George D. Forsyth, of Rochester, for appellant.
M. B. Jewell, of Olean, for respondent.

PER CURIAM. [1] We are of the opinion that the judgment should be affirmed, save in one particular. According to the opinion of the trial court, the $530.75, the tender deposited with the county treasurer, was directed to be paid to the plaintiff, to be applied upon the amount due upon the second mortgage. But the decision, evidently through inadvertence, directed the same to be applied upon the first mortgage, upon which the first cause of action is based, and the judgment, of course, followed the decision instead of the opinion. We think the direction contained in the opinion was correct, and that the judgment should be modified accordingly.

[2] The judgment also seems to make the defendant liable for any deficiency which may arise between the amount due upon all of the mortgages and the proceeds of the sale. Of course, this provision would do no harm to the defendant, if the property should sell for enough to pay the first mortgage; but, if not, then under the terms of the judgment she would be liable for any deficiency which might arise upon the first mortgage. The deficiency should be limited so that in no event could the defendant be liable, besides costs, for more than the amount unpaid upon the two mortgages executed by her and covered by the second and third causes of action stated in the complaint, and, as modified, the judgment should be affirmed, without costs to either party.